By the Court.—Freedman, J.
This is an appeal from an order denying defendant’s motion to stay all proceedings on plaintiff’s part in this action, until the costs of a former action are paid. The parties are husband and wife. The former action was brought March 10, 1882, by *252 the wife fcma limited divorce, upon the ground of cruel and inhuman treatment by the husband, and it resulted in a judgment dismissing the complaint, upon the merits with $1,315.48, costs to be paid by the wife. The present action is brought for abandonment on March 6, 1882, and subsequent failure to support. Both actions were brought in this court. The defendant claims that neither was brought in good faith, and that each was brought simply for the purpose of extorting money. In respect to the first he certainly established, on the hearing of the motion, that it was so much without any foundation and that in it he was so unjustly subjected to great expenses and sacrifices, that the referee, on dismissing the complaint on the merits, after a lengthy trial, felt compelled to award, and the court, on the confirmation of the report, felt constrained to confirm, a personal judgment against the plaintiff as wife, fot costs amounting to $1,315.48. These considerations, in connection with the other facts detailed in defendant’s affidavit, presented a case which would come within the reasoning, if not the decision, of Hepburn v. Hepburn (54 How. 466), if the' second action rested wholly and exclusively on the alleged abandonment on March 6, 1882. But the second action has no such narrow foundation. True, the plaintiff starts with the allegation that on the day referred to, the defendant abandoned her, but she then proceeds and assigns as an additional ground the defendant’s total failure and refusal since November 1, 1882, ‘to support her and her infant child, the issue of the marriage between the parties, and left in her charge and care, and his failure and refusal to make any provision for her and the child or either of them. And above the conflict of statements between the parties, which the affidavits disclose, there does stand forth the fact which the defendant did not attempt to dispute, that since November 1, 1882, he did not provide for his wife and child or either of them. Under the circumstances the plaintiff may have rights which can not be withheld from her, discredited as she stands before the court by the result of the first action, because, if they exist, *253 they accrued since the commencement of the first action and exist independently of the matter there litigated. In the ascertainment and determination of these rights of the plaintiff, it may become important to inquire and determine whether under all the circumstances the defendant abandoned the plaintiff or whethei\the plaintiff abandoned the defendant, and the fact as eventually found may form an important element in the determination of the liability of the defendant for the support of his wife and child, or either of them, and yet it may not be wholly decisive of it.
The motion for a stay of proceedings was therefore properly denied, and the order appealed from should be affirmed with costs.
Sedgwick, Ch. J., concurred.